1 Robert F. Brennan, Esq. [S.B. #132449]
Robert A. Wiener, Esq. [S.B. #132847]
2 **BRENNAN, WIENER & ASSOCIATES**
3150 Montrose Ave.
3 La Crescenta, Ca. 91214

4 [818] 249-5291
FAX [818] 249-4329
5 Email: rbrennan@brennanlaw.com

6 Attorney for: Plaintiff Monica Madrid

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11 MONICA MADRID, an Individual;          ) Case No.: 10-08811 RGK (JCG)
                                         )
12                                        )
          Plaintiff,                      ) **FIRST AMENDED COMPLAINT**
13                                        ) **FOR DAMAGES:**
          vs.                             )
14                                        )
EQUIFAX, INC., is a Corporation;          ) 1. FAIR CREDIT REPORTING ACT.
15 EXPERIAN INFORMATION                   ) 2. CALIFORNIA IDENTITY THEFT
SOLUTIONS INC.; TRANS UNION,              )    LAW.
16 LLC, is a corporation; CREDIT          ) 3. ROSENTHAL DEBT
SOLUTIONS CORP. a business entity,        )    COLLECTION PRACTICES ACT.
17 form unknown; GE MONEY BANK, a         ) 4. CALIFORNIA CONSUMER
business entity, form unknown; and        )    CREDIT REPORTING AGENCIES
18 DOES 1-10, Inclusive,                  )    ACT.
                                         )
19        Defendants.                     )
                                         )
20                                        ) **JURY TRIAL DEMANDED.**

21 ————————————————————————

22      Plaintiff alleges:

23      1. Plaintiff MONICA MADRID ("Plaintiff") is a resident of County of Los

24 Angeles, State of California.

25      2. Defendants EQUIFAX , INC., ("EQUIFAX"), EXPERIAN

26 INFORMATION SOLUTIONS INC. ("EXPERIAN"), TRANSUNION, CORP.,

27 ("TRANSUNION") are business entities, forms unknown, doing business in the

28 State of California as credit bureaus which receive negative credit information

1   about consumers and which then publish such information in credit reports
2   available to its subscribers.  Collectively, these defendants will be referred to as
3   "credit bureau defendants" or "credit agency defendants". CREDIT SOLUTIONS
4   CORP and GE MONEY BANK CARE CREDIT are creditors or collections
5   agencies which, among other activities, report allegedly delinquent debts to credit
6   bureaus and are "furnishers" under the Fair Credit Reporting Act.

7        2A. Plaintiff hereby names EQUIFAX INFORMATION SERVICES as
8   "Doe 1" to this complaint.  In all instances where this pleading refers to
9   "EQUIFAX," this shall refer to both EQUIFAX, INC. and EQUIFAX
10  INFORMATION SERVICES.

11       3. Defendants DOES 2-10 are individuals and business entities, form
12  unknown, doing business in the State of California as credit reporting agencies,
13  debt collection agencies, creditors or other persons or entities which engage in
14  credit reporting and/or debt collection.  DOES 2-10, Inclusive, includes
15  individuals or business entities doing business in the State of California as credit
16  reporting agencies, debt collectors and/or creditors who have refused to delete
17  accounts of plaintiff that were procured through identity theft, mixed file or other
18  manner of recording an inaccurate credit account, even after plaintiff has notified
19  them of the false or inaccurate derogatory, and also who have reported such
20  accounts as derogatory credit references to credit reporting agencies.

21       4. Plaintiff does not know the true names and capacities, whether corporate,
22  partnership, associate, individual or otherwise of Defendants sued herein as Does
23  2 through 10, inclusive, under the provisions of Section 474 of the California
24  Code of Civil Procedure.  Plaintiff is informed and believes and on that basis
25  alleges that Defendants Does 2 through 10, inclusive, are in some manner
26  responsible for the acts, occurrences and transactions as officers, directors or
27  managing agents of Defendants or as its agents, servants, employees and/or joint
28

---

FIRST AMENDED COMPLAINT FOR DAMAGES

venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and

---

FIRST AMENDED COMPLAINT FOR DAMAGES

1  in acting as such within the course, scope and authority of such relationship, took

2  some part in the acts and omissions hereinafter set forth, by reason of which each

3  Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any

4  future amended complaint.  Further, Plaintiff alleges that each act alleged herein,

5  whether by a named Defendants or fictitiously named Defendants or otherwise,

6  was expressly authorized or ratified, as these terms are used in California Civil

7  Code Section 3294(b), by each and every other Defendant herein, whether named

8  or fictitiously named.

9

10  **FIRST CAUSE OF ACTION**

11  **[VIOLATION OF THE FAIR CREDIT REPORTING ACT**

12  **AGAINST ALL DEFENDANTS]**

13      6. Plaintiff re-alleges and incorporates all preceding paragraphs as though

14  set forth in full in this cause of action.

15      7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c)

16  of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15

17  U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX,

18  TRANSUNION and EXPERIAN and each of the credit bureau defendants who are

19  "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a

20  (f).

21      8. On or about November of 2004, Plaintiff discovered that someone

22  unknown to her was using her personal information to obtain credit and open

23  accounts in her name.  Plaintiff contacted by telephone and by correspondence the

24  credit bureaus and the furnishers disputing the accounts opened in her name

25  without her permission.

26      9. Since late 2004, Plaintiff has contacted the various furnishers and

27  TRANSUNION, EXPERIAN AND EQUIFAX disputing the forged and false

28

FIRST AMENDED COMPLAINT FOR DAMAGES

accounts that appeared on her credit profile.  In addition, Plaintiff insisted that they remove the names and addresses not belonging to her.

10. On or about January 25, 2005, Plaintiff received mail for a Monica Ramirez for a medical bill and a collection notice for Afni.

11. On or about March 9, 2005, Plaintiff sent dispute letters to TRANSUNION, EXPERIAN and EQUIFAX requesting that they remove the many forged accounts and names and addresses that did not belong to her, which were still appearing on her credit profile.

12. On or about April 5, 2005, Plaintiff filed a police report and shortly thereafter received correspondence form the Santa Ana Police Department advising that they transferred her case to Oxnard Police Department.

13. In early October of 2006, Plaintiff received correspondence from GE Consumer Finance regarding an account they had recently opened in her name. This notice stated "Since the address and or the first and/or last name on the application did not match the address and or first and/or last name contained in the consumer credit bureau report, we are writing to you to confirm that the account was opened at your request".

14. Plaintiff immediately sent out a letter to GE Consumer Finance and to TRANSUNION, EXPERIAN and EQUIFAX confirming that she did not apply for credit with GE CONSUMER FINANCE.

15. On or about November 17, 2006 Plaintiff's EQUIFAX report still contained the Bakersfield, California address, which Plaintiff had previously requested be removed.

16. On or about July 30, 2010 Plaintiff received a report from EQUIFAX still containing a wrong address in Bakersfield, California; and inaccurate trade lines including GE CREDIT CARE (GE Consumer Finance).

---

17. On or about August 19, 2010, TRANSUNION responded to Plaintiff's request removing many of the inaccurate accounts but failed to remove the CREDIT SOLUTIONS CORP account.  In addition, TRANSUNION failed to remove the name Monica Ramirez, which is not and has never been Plaintiff's name.

18. Through the years the GE Consumer Finance account has appeared on and off on TRANSUNION, EXPERIAN and EQUIFAX after her dispute letter. As of today this account continues to appear on Plaintiff's EQUIFAX credit profile.

19. On or about September 9, 2010, Plaintiff sent dispute correspondence to TRANSUNION, EXPERIAN AND EQUIFAX regarding the many accounts, addresses and names that did not belong to her.

20. On or about September 16, 2010, Plaintiff received TRANSUNION credit report with a) a wrong employer; b) a Sacramento County Superior civil judgment; and c) 15 accounts that did not belong to her.

21. On or about September 23, 2010 Plaintiff sent dispute letters to TRANSUNION, EXPERIAN and EQUIFAX due to ongoing identity theft.

22. As of the date of this compliant, EQUIFAX has failed to respond to Plaintiffs three dispute letters sent in September 2010.

23. Defendants EQUIFAX, EXPERIAN, TRANSUNION, CREDIT CARE SOLUTIONS CORP and GE MONEY BANK CARE CREDIT (GE CONSUMER FINANCE) have refused, despite Plaintiff's phone calls and correspondence to acknowledge that she was not responsible for the CREDIT CARE SOLUTIONS CORP or GE MONEY BANK CARE CREDIT (GE CONSUMER FINANCE) accounts.

24. Plaintiff sent correspondence to TRANSUNION, EQUIFAX, EXPERIAN, CREDIT CARE SOLUTIONS CORP, GE MONEY BANK CARE CREDIT asking that they reinvestigate her account, cease any negative credit

FIRST AMENDED COMPLAINT FOR DAMAGES

1   reporting and remove her account form collection activity.   On information and
2   belief, one or more of the credit bureaus sent dispute notices to CREDIT CARE
3   SOLUTIONS CORP, GE MONEY BANK CARE CREDIT regarding obligations
4   to Plaintiff under the Fair Credit Reporting Act.

5        25. Plaintiff complied with all requests of each of the Defendants to
6   provide information in order to have the erroneous marks removed from her credit
7   reports. Despite the insistence of Plaintiff, the Defendants, and each of them,
8   failed to correct the errors and failed to undertake sufficient investigations upon
9   being notified of the errors.

10       26. Within the past several years, Defendants, and each of them, willfully
11  violated the provisions of the Fair Credit Reporting Act in *at least* the following
12  respects:

13       a. By willfully and negligently failing, in the preparation of the consumer
14  report concerning Plaintiff, to follow reasonable procedures to assure maximum
15  possible accuracy of the information in the report;

16       b. By willfully and negligently failing to correct, after receiving ample
17  notice, information about the Plaintiff which defendants knew, or should have
18  known, was incomplete and/or inaccurate;

19       c. By willfully and negligently failing to correct and/or delete the
20  incomplete and inaccurate information in Plaintiff's file after conducting an
21  investigation;

22       d. By willfully and negligently failing to conduct an adequate investigation
23  of Plaintiff's complaints, and by willfully and negligently failing to implement
24  corrective actions once the outcome of such investigations were known, or should
25  have been known, to the defendants;

26       e. By willfully and negligently failing to provide subsequent users of the
27  report with the Plaintiff's statement of dispute or a summary thereof;

28

FIRST AMENDED COMPLAINT FOR DAMAGES

f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;

g. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies, and,

h. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

27.  As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

28. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts.  Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed.  These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid.  These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

///
///

---

FIRST AMENDED COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA IDENTITY THEFT
### LAW, CIV. CODE SECTION 1798.92 et seq.,
### AGAINST CREDIT CARE SOLUTIONS CORP, GE MONEY BANK
### CARE CREDIT AND DOES 6-10, INCLUSIVE.

29. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

30. In continuing credit reporting and debt collection activities against plaintiff after she had reported to them the identity theft situation and after providing them with a police report, CREDIT CARE SOLUTIONS CORP, GE MONEY BANK CARE CREDIT and DOES 6-10 Inclusive, willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 et seq.

31. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the California Identity Theft Law.  In addition, Plaintiff alleges that defendants CREDIT CARE SOLUTIONS CORP, GE MONEY BANK CARE CREDIT and DOES 6-10, Inclusive, specifically violated Civ. Code Section 1798.93 (c) (6), thereby entitling her to a $30,000.00 penalty, in addition to any other damages which may be assessed.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA ROSENTHAL ACT
### AGAINST CREDIT CARE SOLUTIONS CORP, GE MONEY BANK
### CARE CREDIT and DOES 6-10, INCLUSIVE.

32. Plaintiff incorporates all preceding paragraphs as though alleged in full

1  in this cause of action.

2  33. In continuing debt collection and credit-reporting activities after the
3  point where plaintiff notified defendants of the identity theft situation, and after
4  she provided them with a police report of the identity theft, defendants CREDIT
5  CARE SOLUTIONS CORP, GE MONEY BANK CARE CREDIT and DOES 6-
6  10, Inclusive, willfully and knowingly violated the California Rosenthal Act, and
7  specifically violated Civ. Code Section 1788.18.

8  34. Plaintiff has suffered actual damages, including general, special,
9  incidental and consequential damages, and is also entitled to attorney's fees and
10  costs under the Rosenthal Act. In addition, Plaintiff alleges that defendants
11  CREDIT CARE SOLUTIONS CORP, GE MONEY BANK CARE CREDIT and
12  DOES 6-10, Inclusive, specifically violated Civ. Code Section 1788.18, thereby
13  entitling her to a statutory penalty, in addition to any other damages which may be
14  assessed.

15
16
17  **FOURTH CAUSE OF ACTION**
18  **[VIOLATION OF CALIFORNIA**
19  **CONSUMER CREDIT REPORTING AGENCIES ACT**
20  **AGAINST CREDIT CARE SOLUTIONS CORP, GE MONEY BANK CARE**
21  **CREDIT and DOES 6-10, Inclusive]**

22  35. Plaintiff incorporates all preceding paragraphs as though alleged in full
23  in this cause of action.

24  36. Plaintiff is a consumer as this term is defined by Civ. Code Section
25  1785.3 (b) of the Consumer Credit Reporting Agencies Act. All defendants are
26  "persons" as defined by Civ. Code Section 1785.3 (j).

27  37. In violation of Civ. Code Section 1785.25 (a), CREDIT CARE

28

---

FIRST AMENDED COMPLAINT FOR DAMAGES

1  SOLUTIONS CORP, GE MONEY BANK CARE CREDIT and DOES 6-10 ,

2  Inclusive, have continued to insert false derogatory information on plaintiff's

3  credit reports, as alleged above. These repeated violations of the CCRAA have

4  been continuous to the present.

5      38. Plaintiff has complied with all requests of each of the Defendants to

6  provide information to have the erroneous marks removed from his credit reports.

7  Despite the insistence of Plaintiff, the Defendants, and each of them, have failed to

8  correct the errors and failed to undertake sufficient investigations upon being

9  notified of the errors.  Further, CREDIT CARE SOLUTIONS CORP, GE

10  MONEY BANK CARE CREDIT and DOES 6-10, Inclusive, have continued to

11  report false derogatories on plaintiff's credit reports without cessation for many

12  years, on a regular basis and to the present.

13      31.  In the entire course of their actions, Defendants, and each of them,

14  willfully violated the provisions of the Consumer Credit Reporting Agencies Act

15  in *at least* the following respects:

16      a. By willfully and negligently furnishing to credit reporting agencies

17  information about the Plaintiffs which defendants knew, or should have known,

18  was false, incomplete and/or inaccurate;

19      b. By willfully and negligently failing to correct and/or delete the

20  incomplete and inaccurate information in Plaintiff's file after after being notified

21  and after conducting an investigation;

22      e. By willfully and negligently failing to conduct an adequate investigation

23  of plaintiff's complaints, and by willfully and negligently failing to implement

24  corrective actions once the outcome of such investigations were known, or should

25  have been known, to the defendants;

26      d. By willfully and negligently failing to provide subsequent users of the

27  report with the Plaintiffs' statement of dispute or a summary thereof; and,

28

---

FIRST AMENDED COMPLAINT FOR DAMAGES

1        e. By willfully and negligently failing to implement procedures or

2    corrections which would promptly and accurately delete or correct any incorrect,

3    incomplete or inaccurate credit reporting concerning the plaintiffs.

4        32.  As a proximate result of the actions of the Defendants, and each of

5    them, Plaintiff has been damaged in an amount which will be proven at time of

6    trial.  As provided under the cited laws, Plaintiff is entitled to actual damages, loss

7    of wages, damage to credit reputation, pain and suffering, costs and attorney fees.

8        33. Plaintiff alleges that defendant CREDIT CARE SOLUTIONS CORP,

9    GE MONEY BANK CARE CREDIT AND DOES 6-10 acted with willfulness

10   towards the Plaintiff and towards others similarly situated.  Specifically, CREDIT

11   CARE SOLUTIONS CORP, GE MONEY BANK CARE CREDIT AND DOES 6-

12   10 received clear notification of the identity theft/mixed identity situation, yet

13   continued to wrongfully credit report derogatory information about the plaintiff

14   despite clear notice.  Such conduct is both willful and deliberate, entitling plaintiff

15   to an assessment of statutory punitive damages in addition to such other damages

16   as may be awarded.

17       ////

18       ////

19

20

21

22

23       WHEREFORE, Plaintiff prays for judgment as follows:

24       1. For general and special damages according to proof at trial;

25       2. For statutory penalties for each separate statutory violation where

26          allowed by statute;

27       3. For punitive damages against defendants according to proof at trial and

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1   using the applicable punitive damages standards from the involved statutes;

2       4. For attorney's fees where authorized by statute or law;

3       5. For costs of suit;

4       6. For such other relief as the court deems just and proper.

5   **PLAINTIFF DEMANDS A JURY TRIAL.**

6

7   Dated: March ___28___ 2011          **BRENNAN, WIENER, & ASSOCIATES**

8                                 By:_____

9                                 Robert F. Brennan

10                                Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28