Paul W. Sheldon (Admitted Pro Hac Vice)
STRASBURGER & PRICE, LLP
2801 Network Boulevard, Suite 600
Frisco, TX 75034-1872
Telephone: (469) 287-3955
Facsimile: (469) 227-6574

MUSICK, PEELER & GARRETT LLP
Donald E. Bradley (State Bar No. 145037)
  *d.bradley@mpglaw.com*
650 Town Center Drive, Suite 1200
Costa Mesa, California  92626-1925
Telephone:  714-668-2400
Facsimile:  714-668-2490

Attorneys for Defendant TRANS UNION LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONICA MADRID, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX, INC., is a Corporation, EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, is a Corporation; CREDIT SOLUTIONS CORP, a business entity, form unknown; GE MONEY BANK, a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>Defendants. | CASE No. 2:10-cv-08811-RGK (JCGx)<br><br>Hon. R. Gary Klausner<br><br>**PROTECTIVE ORDER**<br><br>**[DECLARATION OF COMPLIANCE ATTACHED]** |

Pursuant to the stipulation of all parties filed herewith, and good cause appearing,

IT IS HEREBY ORDERED THAT,

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade

743078.1

secrets[1], confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff,

THEREFORE, the Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are specifically identified by Paragraph 14 of this Order and in accordance with the terms hereof.

2.      Documents or other materials identified in Paragraph 14 of this Order shall be stamped or otherwise marked on the front of the document or portion(s) thereof "Confidential" by the designating party.

3.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party who intends to file such papers shall give five business days' notice to the party who designated such materials as "Confidential," so that the designating party has the opportunity to file the application required pursuant to Central District Local Rule 79-5.1 for such papers to be filed under seal.  The filing party shall cooperate with the designating party to allow the application to be filed along with the Confidential documents or information.

4.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony,

---

[1] The term "trade secrets" as defined by California Civil Code § 3426.1: shall be fully incorporated here as: "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) Experts specially retained as consultants or expert witnesses in connection with this litigation.

6. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate

or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7.     Appropriate sections of deposition or hearing transcripts may be designated "CONFIDENTIAL" by any person stating on the record their intention to so designate the transcript and, within ten (10) business days of the publication of the final version of the transcript, notifying each party and non-party signatory in writing of the pages and lines so designated.  All persons shall treat as "CONFIDENTIAL" the entirety of each transcript containing a notification of intent to designate portions of the transcript as "CONFIDENTIAL" for ten (10) business days.

8.     Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same. The requirement to return confidential documents to the designating party does not include any documents in the Court's possession, but does include copies of such documents in any party's possession.

11.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties

shall follow the procedures set forth in Central District Local Rule 37. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. The parties have agreed that inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work-product immunity if a request for return of such documents or information is made within five (5) business days after the producing person learns of its inadvertent production. The receiving person shall return such documents or information subject to protection under the attorney-client privilege or work-product immunity within ten (10) business days of the written notice from the producing person.

## GOOD CAUSE STATEMENT

14. The Parties seek confidential protection for all documents, testimony, transcripts or other materials in this action produced by any party or non-party and the information contained therein.

15. Defendants Experian, Equifax, and Trans Union (collectively, the "Credit Reporting Defendants") assert that:

- certain documents they intend to produce contain critical information regarding their computer systems involved in credit reporting.
- their credit-reporting businesses rely on the use of their computer hardware and software and they have each worked hard and incurred great cost to update their computer hardware and software to create the

best possible credit-reporting system.

- in order to operate national credit reporting services, the Credit Reporting Defendants had to design their unique computer systems to process information received from tens of thousands of diverse lenders and other entities involved in the credit industry, from the public record and from other sources.

- extremely sophisticated and unique computer software design was necessary to allow the Credit Reporting Defendants to process that information in the form of credit reports as accurately as possible when a customer applies for credit.  Defendants Trans Union and Experian assert that they have each spent hundreds of millions of dollars and countless hours of employee time developing their unique and sophisticated computer systems.

- the sophistication of the Credit Reporting Defendants' computer systems are major advantages for each in the marketplace.  Were information about their highly sophisticated computer systems to get into the hands of its competitors, it would enable the competitors to enhance their own systems and, in so doing, remove the marketing edge currently enjoyed by them.  Similarly, were information about their design and workings to get into the hands of a would-be competitor, it would greatly facilitate that would-be competitor's efforts to develop its own sophisticated computer system.  Each of these would have a serious financial impact on the Credit Reporting Defendants.  Were this same type of information to get into criminal hands, it would facilitate the efforts of those who seek to improperly access these defendants' files on consumers and perpetrate identity fraud.  It would also facilitate the efforts of those who seek to make changes to information in consumers' files.  In addition to impairing the privacy of consumers,

1 such actions could lead to a loss of confidence in the Credit Reporting

2 Defendants.  This loss of confidence, critical in the credit reporting

3 business, could put the Credit Reporting Defendants out of business.

4 16.    Specifically, Experian seeks confidential protection for documents

5 titled Transaction Log; Disclosure Log; D/R Log; and Admin Report.  Each of these

6 documents contains critical information regarding Experian's computer systems

7 involved in credit reporting.

8 17.    In addition, GEMB may seek protection of documents containing

9 sensitive, confidential trade secret, proprietary, financial and/or commercial

10 information, including but not limited to, certain policies and business practices.

11 18.    Plaintiff and Defendants will be disclosing Plaintiff's sensitive personal

12 information, and confidential information of other individuals may also be

13 disclosed.  It is extremely important that this information remain protected and not

14 be readily available due to the dangers of identity theft.

16 DATED:  June 24, 2011

Hon. Jay C. Gandhi
United States Magistrate Judge

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

743078.1

7

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.     My address is

_____.

2.     My present employer is

_____.

3.     My present occupation or job description is

_____.

4.     I have received a copy of the Stipulated Protective Order entered in this action on _____, 2011.

5.     I have carefully read and understand the provisions of this Stipulated Protective Order.

6.     I will comply with all provisions of this Stipulated Protective Order.

7.     I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8.     I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.     Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

///
///
///
///

1       I hereby submit to the jurisdiction of this Court for the purposes of enforcing

2 the Stipulated Protective Order in this action.

3       I declare under penalty of perjury under the laws of the United States that the

4 following is true and correct.

5       Executed this ___ day of _____, 2011 at _____.

6

7

8                         _____

                            QUALIFIED PERSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On June 22, 2011, I served true copies of the following document(s) described as **[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 22, 2011, at Costa Mesa, California.

*/s/ April M. Yusay*
April M. Yusay

# SERVICE LIST

| | |
|---|---|
| Robert F. Brennan, Esq. | Gregory S. Korman, Esq. |
| BRENNAN, WIENER & ASSOCIATES | KATTEN MUCHIN ROSENMAN |
| 3150 Montrose Avenue | 2029 Century Park East, Suite 2600 |
| La Crescenta, CA  91214 | Los Angeles, CA  90067 |
| 818.249.5291  Phone | 310.788.4400  Phone |
| 818.249.4329  Fax | 310.788.4471  Fax |
| Email: rbrennan@brennanlaw.com | Email:  gregory.korman@kattenlaw.com |
| *Counsel for Plaintiff* | *Counsel for Defendant GE Money Bank* |
| | |
| Elizabeth B. Kim, Esq. | David A. Cotter, Esq. |
| JONES DAY | DAVID COTTER LAW OFFICES |
| 3161 Michelson Dr., Ste. 800 | P.O. Box 34066 |
| Irvine, CA  92612 | San Diego, CA  92103 |
| 949.851.3939  Phone | 619.889.8800  Phone |
| 949.553.7539  Fax | 619.491.0725  Fax |
| Email:  ebkim@jonesday.com | Email:  d.cotter1@cox.net |
| *Counsel For Defendant Experian Information Solutions, Inc.* | *Counsel for Defendant Bank of America Corporation* |
| | |
| Thomas P. Quinn, Jr., Esq. | Stephanie D. Cope, Esq. |
| NOKES & QUINN | KING & SPALDING LLP |
| 410 Broadway, Suite 200 | 1180 Peachtree Street N.E. |
| Laguna Beach, CA  92651 | Atlanta, GA  30309-3521 |
| 949.376.3500  Phone | 404.572.4600  Phone |
| 949.376.3070  Fax | 404.572.5100  Fax |
| Email:  tquinn@nokesquinn.com | Email:  SCope@kslaw.com |
| *Counsel for Defendant Equifax, Inc.* | *Counsel for Defendant Equifax, Inc.* |